UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 09-46552 |
| | Chapter 13 |
| Tammy L. Atkins and Timothy T. Atkins, | |
| Debtors. | |
| | |
| Tammy L. Atkins and Timothy T. Atkins, | ADV 13-04166 |
| Plaintiffs, | |
| v. | |
| Bank of America, N.A. and The Bank of New York Mellon, | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
APPLICATION FOR DEFAULT JUDGMENT**

At Minneapolis, Minnesota, September 4, 2013.

The plaintiffs filed this application for default judgment on August 19, 2013. For the reasons stated below, the application is denied in part and granted in part so that the lien held by the defendants is released.

**Background**

On September 30, 2009, the plaintiffs filed a case under chapter 13 and filed their plan. At the time of the filing, the plaintiffs owned homestead property located at 3864 – 225th Lane NW, St. Francis, Minnesota.[1] The homestead is encumbered by two mortgages. The first priority mortgage, dated May 23, 2005, is held by First Magnus Financial Corporation. The original

---

[1] The legal description for the homestead property is Lot 3, Block 1, River Shores, Anoka County, Minnesota.

1

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 09/04/2013
Lori Vosejpka, Clerk, by LH

principal amount of the loan was $146,400.00. The second priority mortgage, dated January 26, 2007, in the original principal amount of $24,500.00, is now held by The Bank of New York Mellon for Certificateholders, CWHEQ, Inc., Home Equity Loan Asset Backed Certificates, Series 2007-S1. Both loans are serviced by BAC Home Loan Servicing, LP., a subsidiary of Bank of America, N.A.

The plaintiffs' chapter 13 plan treats the second priority mortgage as unsecured as follows:

> 1. No ongoing payments shall be made upon the second mortgage against the homestead held by Bank of America #xxxx6175 by the debtors or trustee, and any claims filed by said creditor shall be treated as a non-priority unsecured claim, to share with other unsecured creditors per paragraph 11. Debtors reserve the right to request stripping of the lien by motion or adversary proceeding, but not until at or near the time of discharge.

No one objected to the plan and it was confirmed on November 20, 2009. On March 18, 2013, the plaintiffs received their discharge after completing all plan payments. The bankruptcy case was closed on May 9, 2013.

The plaintiffs filed an application to reopen the case on May 24, 2013, in order to file this adversary proceeding, which was granted. This adversary proceeding was commenced on May 30, 2013. The plaintiffs seek an order (1) determining the petition date value of the property to be $92,000.00 pursuant to 11 U.S.C. § 506(a) and (2) avoiding the defendants' lien pursuant to ¶ 13-1 of the plaintiffs' confirmed plan. The defendants did not answer the complaint. The plaintiffs now seek an order for a default judgment.

## Analysis

The first issue is whether the court may grant the requested relief because in 2009, at the time that the plaintiffs' plan was confirmed, the bankruptcy judges in Minnesota did not permit a

debtor to avoid a lien secured by a debtor's principal residence.[2] Nevertheless, the plaintiffs' confirmed plan contained language treating the defendants' lien as unsecured and provided for the lien's avoidance at the completion of the plan. The plan was confirmed after no one objected to the plan. Although this type of lien avoidance was not allowed in Minnesota at the time of confirmation, the court must enforce the confirmation order pursuant to the Supreme Court's ruling in *United Student Aid Funds, Inc. v. Espinosa*,[3] in which the Supreme Court held that a confirmed plan must be upheld unless there is "a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard." Here, there do not appear to be jurisdictional errors or violations of due process. The defendants appear to have been properly served.[4] Thus, the court may grant the requested relief despite its unavailability in Minnesota at the time that the petition and plan were originally filed. The court turns to the request to value the property.

**Determining the Value of the Property**

The first part of the plaintiffs' application requests a determination that the value of the property was $92,000.00 as of the petition date, pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012. The purpose of section 506(a) and Rule 3012 is to determine the secured status of a creditor's claim. Here, the plaintiffs did not bring a motion to value pursuant to § 506(a) or

---

[2] *In re Hughes*, 402 B.R. 325 (Bankr. D. Minn. 2009); *In re Frame*, No. 09-41010, 2009 WL 8725111 (Bankr. D. Minn. Sept. 23, 2009); *In re Hussman*, 133 B.R. 490 (Bankr. D. Minn. 1991).

[3] 559 U.S. 260, 268-69 (2010).

[4] The plaintiffs' confirmed plan contained language referencing the plaintiffs' intent to avoid the lien at the completion of the plan. After completing the plan, the plaintiffs brought this adversary proceeding. The summons and the complaint were served upon the defendants by certified U.S. mail. The plaintiffs' attorney represented to the court that he had substantial discussions with representatives of the defendants regarding this adversary proceeding. While the defendants did not file an answer to the complaint, the court is satisfied that the defendants were properly notified of the requested relief.

Fed. R. Bankr. P. 3012 prior to confirmation of the chapter 13 plan. Rather, the confirmed plan treats the defendants' claim as unsecured.  Pursuant to 11 U.S.C. § 1327(a), the provisions of a confirmed plan bind a debtor and a creditor as confirmation is, essentially, an adjudication of the issues of classification and treatment of claims provided for in the plan. It is *res judicata* on all issues that were, or could have been, brought prior to confirmation.[5]  Because the confirmed plan treats the defendants' claims as unsecured, *res judicata* applies and the court may not now determine the value of the property.[6]  The request to value the homestead property is therefore denied as moot.

**Avoiding the Lien of the Wholly Unsecured Creditor**

In their chapter 13 plan, the plaintiffs reserved the right to request stripping the lien at or near the time of discharge.  The second part of their application for a default judgment is that request.

After the Bankruptcy Appellate Panel's ruling in *In re Fisette*,[7] Minnesota bankruptcy judges began to allow a debtor to avoid a lien secured by a debtor's principal residence and promulgated a local rule.[8]  The local rule establishes a procedure for debtors' attorneys for pre-confirmation motions for value, chapter 13 plans, and the procedure for obtaining supplemental relief after completion of payments under a plan.  Here, however, the plaintiffs' plan was

---

[5] *In re Parmenter*, 527 F.3d 606, 609 (6th Cir. 2008) (citing *In re White*, 370 B.R. 713, 718 (Bankr. E.D. Mich. 2007)); *In re Cruz*, 253 B.R. 638, 641 (Bankr. D.N.J. 2000) (citing *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989)).

[6] *In re Crum*, 479 B.R. 734, 742 (Bankr. S.D. Ohio 2012); *In re Berrouet*, 469 B.R. 393, 397 (Bankr. N.D. Ga. 2012); *In re Charlick*, 444 B.R. 762, 765 (Bankr. E.D. Mich. 2011); *In re Taylor*, No. 06-76846, 2011 WL 7070518 (Bankr. N.D. Ga. Dec. 7, 2011); *In re Rutt*, 457 B.R. 97, 101 (Bankr. D. Colo. 2010); *In re Miller*, 428 B.R. 791, 799 (Bankr. S.D. Ohio 2010); *In re Leingang*, No. 83-05201, 1985 WL 660777 (Bankr. D. Minn. June 6, 1985).

[7] *In re Fisette*, 455 B.R. 177 (B.A.P. 8th Cir. 2011), as revised (Nov. 11, 2011), *appeal dismissed*, 695 F.3d 803 (8th Cir. 2012).

[8] Local Rule 3012-1.

confirmed prior to the decision in *In re Fissette* and the promulgation of Local Rule 3012-1. Although not controlling here, the court looks to that procedure and its language: that a lien will be "released" rather than satisfied or stripped. Here, although the plaintiffs have requested an order releasing the junior lien and deeming it satisfied, the court shall follow the language in Local Rule 3012-1(f).[9] The mortgage lien here is therefore released.

## Conclusion

Based on these findings, the court denies in part and grants in part the plaintiffs' application for default judgment.

**IT IS ORDERED:**

1. The request for a determination of the value of the property is denied as moot.
2. That the mortgage lien in favor of Mortgage Electronic Registration Systems, as nominee for Bank of America, N.A., its successors and assignees on the plaintiffs' homestead legally described as: Lot 3, Block 1, River Shores, Anoka County, Minnesota, and recorded with the Anoka County Recorder as Document No. A 1991124.008 is hereby released.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

/e/ Kathleen H. Sanberg
Kathleen H. Sanberg
United States Bankruptcy Judge

---

[9] The court notes that all future proposed orders should comply fully with Local Rule 3012-1(f).